McCAULL-DINSMORE COMPANY, APPELLEE, v. HANS P. NIELSON, APPELLANT.

FILED SEPTEMBER 26, 1913.  No. 17,228.

Appeal: FINDINGS: CONFLICTING EVIDENCE.  A finding of the trial court, if sustained by sufficient evidence, in an action at law tried without a jury, will not be set aside on appeal, where the controverted issue was determined on substantially conflicting evidence.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE.  *Affirmed.*

*John M. Ragan,* for appellant.

*Tibbets, Morey & Fuller, contra.*

Rose, J.

Plaintiff's claim consists of three items: Damages resulting from defendant's failure to deliver at Minneapolis 2,500 bushels of wheat at $76\frac{1}{4}$ cents a bushel under a sale contract dated March 9, 1907, "thirty days' shipment," the time having been subsequently extended so that the bill of lading would reach plaintiff at Minneapolis before November 1, 1907, $331.20; overpayment for a former shipment, $20.44; protest fees for nonpayment of draft $2.50—total $354.14. The first item only is controverted.

According to the petition defendant sold plaintiff 2,500 bushels of wheat at $76\frac{1}{4}$ cents a bushel, and was short in delivery to the extent of 1,522 bushels and 50 pounds, which plaintiff was compelled to purchase from another at the increased market price of 98 cents a bushel, thereby sustaining a loss of $21\frac{3}{4}$ cents a bushel; the difference between the contract price and the market price amounting to $331.20. Defendant, in addition to a general denial, answered that the extension agreement permitted him to ship the remainder of the wheat from Lexington, Nebraska, by November 1, 1907, and that he had the wheat on hand there and was engaged in loading it October 31, 1907, when he received from plaintiff a telegram stating that it had canceled the contract and bought wheat to cover the remainder. The parties waived a jury and tried the case to the court. The findings and the judgment were in favor of plaintiff, and defendant has appealed.

The terms of the extension agreement were the controlling issues in the case. Was the bill of lading to reach plaintiff at Minneapolis before it purchased wheat to cover defendant's shortage in delivery? The findings are in favor of plaintiff, but defendant argues they are not sustained by sufficient evidence. Though two abstracts have been filed, the bill of exceptions has been examined

to determine the merits of the controversy. There is evidence sufficient to sustain the agreement as pleaded by plaintiff. As thus proved, defendant did not comply with its terms. The damages are established. The evidence is conflicting, and the case falls within the rule which makes the findings of the trial court conclusive.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.